Meehan v. Caponigro, No. 129-6-03 Oecv  (Teachout, J., Dec. 15, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**

**ORANGE COUNTY, SS.**

| | | |
|---|---|---|
| **WILLIAM J. MEEHAN, II, and** | ) | |
| **THEODORE J. PLAWECKI, Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Orange Superior Court** |
| | ) | **Docket No. 129-6-03 Oecv** |
| **GARY M. CAPONIGRO, and** | ) | |
| **MICHAEL M. MADOR,  Defendants** | ) | |

**Decision on Cross Motions for Summary Judgment**

Both parties seek to quiet title to a parcel of five acres of land.  Plaintiffs also assert claims of slander of title and trespass.  Both parties have filed motions for summary judgment, seeking judgment on all claims of the other party based on undisputed facts.  Plaintiffs are represented by Attorney Norman E. Watts.  Defendants are represented by Attorney Gregory W. McNaughton.

**Undisputed Facts**

A review of the parties' statements of undisputed facts and related references in the record shows the following undisputed facts.

In 1968, the Plaintiffs purchased 75 acres of unsurveyed land.  A later survey based on land records research showed that it included the five acres in dispute in this suit.

In 1969, the Renners bought a 20 acre unsurveyed parcel adjacent to Plaintiffs' land.  The Renners arranged for a survey to be done by Bedard, who prepared a survey map showing the parcel to be 25 acres, including the five acres in dispute, but the survey was not done on the basis of land records research.  Rather, it was done on the basis of instructions given by the Renners. The Renners hired Hemond to mark the boundaries as drawn by Bedard.

In 1976, Plaintiffs hired Dwinell to do a survey of Plaintiffs' parcel based on land records research. Plaintiffs recorded the survey. It showed Plaintiffs' ownership of the five acres.

In 1988, the Renners and Defendants began negotiating the sale of the Renner property. Defendants wanted terms guaranteeing them a full 25 acres, but did not succeed in obtaining these terms. They proceeded with the purchase nonetheless, without a land records survey. The deed ultimately given by the Renners to Defendants incorporated the Hemond non-record survey description. Defendants recorded the deed in the land records.

A dispute developed over time between the Plaintiffs and Defendants concerning ownership of the five acres. It became active in 2000, resulting in correspondence from Defendants' attorneys and an offer by Plaintiffs to provide documentary evidence to Defendants.

Defendants continued to rely on their deed description, based on the Hemond non-record survey. Both parties claimed the five acres, and both parties attempted to occupy the property. One of the Defendants acknowledged that he removed "No Trespassing" signs placed by the Plaintiffs.

Between April of 2002 and March of 2004, Plaintiffs hired Kidder to do additional deed research to address Defendants' continuing claim, and thereby incurred expense for Kidder's services. In September of 2002, Plaintiffs were negotiating the sale of their remaining 69 acres (they had conveyed a parcel of 6.5 acres at some point, unrelated to the five acres in dispute), but the deal fell through when they informed the buyer that they could only offer a quitclaim deed as to the five acres in dispute.

Plaintiffs filed this suit in June of 2003, originally only for declaratory relief to quiet title to the five acres in dispute. As a result of two additional causes of action added in April and September of 2004, they now assert claims of slander of title and trespass in addition to declaratory relief quieting title, and they claim punitive damages and attorneys' fees. Defendants counterclaimed in September 2004 for declaratory relief quieting title.

In August of 2005, Defendants filed an Offer of Judgment regarding the Plaintiff's request for declaratory relief quieting title, and a motion for summary judgment on Plaintiffs' two other claims. Plaintiffs rejected the Offer of Judgment, opposed the motion for summary judgment on the two damages claims, and moved for summary judgment on their own request for declaratory judgment to quiet title. Defendants deemed the Offer of Judgment rejected, and oppose Plaintiffs' motion for summary judgment on the declaratory relief claim to quiet title.

**Conclusions of Law**

**<u>Defendants' Motion for Summary Judgment</u>**

2

Defendants seek judgment on all three of Plaintiffs' causes of action: (1) Plaintiffs' quiet title action seeking a declaration of ownership of the five acres, (2) Plaintiffs' claim for slander of title, and (3) Plaintiffs' claim for trespass.

On the quiet title request for declaratory relief, Defendants actually made an offer of judgment, but when it was not accepted, it was withdrawn. Therefore, the matter remains before the court. The undisputed facts show Plaintiffs acquired the five acres in dispute before the Renners bought their 20 acre adjoining parcel. The Renners only acquired 20 acres, not 25 acres. They did not possess any more than 20 acres, and therefore could convey to Defendants no more than 20 acres. The Renners' attempt to convey an additional five acres, the parcel in dispute, was without effect, as they never acquired it. The Plaintiffs are the owners of the five acres in dispute. The Defendants have shown no facts to support a claim of ownership, and therefore Plaintiffs are entitled to judgment on the cross petitions for declaratory relief seeking to quiet title to the five acres in dispute.

On Plaintiffs' claim for slander of title, Plaintiffs must show five elements to prove such a claim:
–That Defendants made a statement concerning the Plaintiffs' title
–That the statement was published
–That the statement was false
–That the Defendants acted with malice, and
–That the conduct caused the Plaintiffs to incur special damages.
*Wharton v. Tri-State Drilling and Boring*, 175 Vt. 494 (2003).

The undisputed facts show that the first three elements are satisfied: when Defendants recorded in the town land records the deed they received from the Renners claiming ownership of 25 acres, they were publishing a statement that they owned five acres that were actually owned by Plaintiffs, and this statement was false. The fifth element is also shown, in that Plaintiffs' facts show that they lost a sale of the their land due to their inability to provide a warranty deed because of Defendants' false claim, and were obliged to incur expenses to bring this case to quiet title in order to establish their ownership.

The facts do not show, however, that the fourth element is satisfied: that Defendants acted with malice when they recorded the deed they acquired from the Renners. In order to prove malice, a plaintiff must prove that a defendant's conduct was done in one or more of the following ways: (1) the conduct showed ill will toward the plaintiff; (2) the conduct showed insult or oppression toward the plaintiff, or (3) the conduct was done with reckless or wanton disregard of the plaintiff's rights. *Id.* at 497. There is no evidence of any particular animosity of the Defendants toward the Plaintiffs. At most, the facts show that the Defendants recorded a deed that included a description that was not based on land records research. Many land parcels in Vermont are conveyed with deed descriptions that are not derived from a professional survey based on land records research, and it is not necessary for a deed description to contain such a description in order to constitute a valid conveyance of land. The Court cannot say that Defendants' failure to obtain a survey of the Renner parcel that was based on land records

3

research is an act done in wanton disregard of the rights of the adjoining landowner, the Plaintiffs.

Plaintiffs argue that Defendants knew in 1988 that the Renners did not own the five acres, but the undisputed facts show only that they attempted to negotiate for terms of sale that would guarantee that the property they were buying, though not surveyed by a land record survey, contained 25 acres. When their proposals for such guarantees failed, they proceeded to purchase the property anyway, without obtaining a land records survey. These facts are not sufficient to support an inference that by doing so, they acted in wanton or reckless disregard of the Plaintiffs' rights, or showed malice in any way, in recording the deed the Renners gave them. The facts support an inference that they were taking a risk concerning the acreage and boundaries of the land they were purchasing, but not that they acted with malice in recording the deed. Thus, there is an absence of evidence to support the element of malice, even taking all reasonable inferences into account.

Because the Plaintiffs have failed to show facts to support the element of malice, the claim for slander of title fails. Defendants' motion for summary judgment is granted as to this claim.

As to Plaintiffs claim for trespass, the undisputed facts show that Defendants entered onto the five acre parcel, and they acknowledge doing so. Plaintiffs are thus entitled to prove their claims for nominal and special damages. Defendants' motion for summary judgment is denied as to this claim.

**Plaintiffs' Motion for Summary Judgment**
For the reasons set forth above, the undisputed facts support Plaintiffs' claim of ownership of the five acres in dispute. Plaintiffs' motion for summary judgment is granted.

## Order

For the reasons set forth above,

Defendants' Motion for Summary Judgment is *granted* as to the slander of title claim, and otherwise denied;

Plaintiffs' Motion for Summary Judgment is *granted* on its petition to quiet title to the five acres in dispute.

Dated at Chelsea, Vermont this 15th day of December, 2005.

_____
Mary Miles Teachout
Superior Court Judge

4